Doe on the Demise of Stevens v. Hays.

Transfers of land, held under the act of congress of 1830, "granting preemption rights to settlers before the issuing of patents," are void; and the covenants in the deed of conveyance in such case, do not operate as an estoppel, but are also void.

Nov. Term,
1848.

Doe
v.
Hays.

Friday,
December 8.

ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—Ejectment for a tract of land in *Dearborn* county. Plea, not guilty. Cause submitted to the Court, and judgment rendered for the defendant.

The facts of the case, necessary to be noticed, are as follow:

On the 17th of *May*, 1831, *Mary Muir*, having a preemption claim on the land now in dispute, and which then belonged to the *United States*, appointed *Amos Lane* her attorney in fact, to advance the purchase-money and buy the land for her. The power of attorney thus given, also authorized *Lane* to sell the land for his principal. On the 20th of the same month, Mrs. *Muir* gave *Lane* a penal bond, with a condition that should she pay him a certain sum for his advances, &c., when said purchase should be made, or give him a quit-claim deed for the land, the bond to be void. Also, on the last named day, Mrs. *Muir* conveyed the land to *Lane* by a general warranty deed.

Subsequently to all these transactions, namely, on the 26th of *July*, 1831, a patent from the *United States*, to Mrs. *Muir* was obtained for the land, under the act of congress of the 29th of *May*, 1830, entitled " an act to grant pre-emption rights to settlers on the public lands."

On the 6th of *August* following, *Lane*, under the beforementioned power of attorney, and in his principal's name, conveyed the land to *Levi Miller*, under whom the lessors of the plaintiff claim.

On the 11th of the same month of *August*, Mrs. *Muir* sold and conveyed the land to *Thomas Muir*, and he, on the next day, sold the same to *Walter Hays*, the defendant.

On the 19th of the same month of *August*, *Lane* assigned the aforesaid penal-bond to said *Miller*, and also conveyed the land to him.

Upon these facts, we think the judgment for the defendant is correct.

It will be observed, that all the instruments of writing

executed by Mrs. *Muir* to *Lane* with a view of divesting herself of her pre-emption right in the land, were executed before the issuing of the patent to her. The act of congress, under which Mrs. *Muir's* pre-emption right was claimed, and under which the patent to her issued, contains the following clause: " And that all assignments and transfers of the right of pre-emption given by this act, prior to the issuance of patents, shall be null and void." It follows, from the express terms of this law, that the said instruments of writing by Mrs. *Muir* to *Lane*, executed before the patent issued, so far as they purported to convey the land, or to authorize its conveyance, must be considered of no validity.

It is upon those instruments, or at least upon one of them, that the plaintiff relies for the foundation of his title.

The plaintiff contends that the power of attorney to *Lane* was not revoked, and that his conveyance under the power was therefore valid. There was some evidence relative to the revocation of the power, but it is omitted in the above statement of the facts. There could be no occasion to revoke a power to make a conveyance, when the power never legally conferred any authority to convey;

The plaintiff also contends that Mrs. *Muir*, and the defendant who claims under her, are estopped by the covenant of warranty in her conveyance to *Lane*, from saying that, when she executed that conveyance, she had no title. The answer to that argument is, that the covenant of warranty, so far as it is relied on to give effect to the conveyance, is void. Were we to sustain the covenant, so as to give it the effect contended for, the express provision in the act of congress, that the deed should be null and void, would be a dead letter.

We have examined the case of the lessee of *Allen* v. *Parish*, 3 Ohio R. 187, referred to by the plaintiff, but it has not changed our opinion.

We are bound to give effect to the act of congress; and we cannot, therefore, say, that a conveyance, which that act expressly declares null and void, shall, by means

of a covenant in it, deprive the grantor of the land and secure it to the grantee.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Ryman,* for the plaintiff.

*G. H. Dunn,* for the defendant.