## BRUCE and COOK vs. GALE and others.

Where a cause is settled by the parties out of court, without any agreement as to the disposition of the suit or as to costs, neither party is entitled to costs against his adversary.

Bill to set aside judgment at law as fraudulent against a subsequent execution creditor, and for an injunction to restrain a sale of the debtor's property by virtue of the execution alleged to be fraudulent. No plea, answer, or demurrer was filed. By an arrangement between the parties, the complainants' claim was satisfied, upon his consenting that the sheriff should proceed to a sale under the first execution. No agreement was made, and nothing was said as to the disposition of the suit in chancery, or as to the costs therein.

The question is now submitted without argument, whether the complainant is entitled to costs.

*Vanatta,* for complainants.

BY THE CHANCELLOR. The rule is well settled at law, that where the parties to a suit make a settlement between themselves out of court without reference to costs, each party shall pay his own costs. *Anderson* v. *Exton,* 1 *Smith* 177; *Den* v. *Pidcock,* 7 *Halst.* 363.

The rule is the dictate of common sense, and is both just and reasonable. There is no reason why it should not be observed as well in equity as at law.

In *Eastburn* v. *Kirk,* 2 *Johns. Ch. R.* 317, where the

cause had been settled between the parties upon certain terms, one of which was that the question of costs should be submitted to the Chancellor, the court refused to decide the mere question of costs, but left each party to pay his own costs.

Neither party is entitled to costs against his adversary.